**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0748-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DEVON R. HAILE-JONES,
a/k/a DEVON HAILE-JONES,

    Defendant-Appellant.

_____

Submitted February 1, 2021 – Decided March 24, 2021

Before Judges Currier and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 14-04-0506.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, of counsel and on the brief).

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Laura Sunyak, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Devon R. Haile-Jones appeals from the August 23, 2019 order of the Law Division denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

The following facts are derived from the record. In February 2014, two detectives were patrolling a Trenton housing project in an unmarked police car. They noticed a vehicle being operated by a driver, later identified as defendant, who was not wearing a seatbelt. They stopped the car because of the driver's motor vehicle violation.

As the car was pulling into a parking space, a passenger, later identified as codefendant Raymond Porter, Jr., alighted from the vehicle and stood on a nearby stoop. When the detectives exited their car, Porter took off running.

As one of the detectives approached defendant's car, she shined a flashlight into the passenger compartment. She immediately observed a large silver revolver with a black handle on the front passenger's seat within defendant's reach. The handgun was later determined to be loaded. At trial, the detective testified that the area was well-lit and that although the windows in defendant's car were up, they were not tinted. She also testified that while she used her flashlight, she would have seen the handgun without it.

A-0748-19

The officers removed defendant from the car and placed him under arrest. He was found to be an unlicensed driver and was issued a summons for that offense, as well as for driving without a seatbelt.

A grand jury indicted defendant, charging him with second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b)(1). Defendant does not contest that he did not have a permit for the handgun.

Before trial, defendant's counsel moved to suppress the handgun. He argued that the officers lacked probable cause to stop defendant's car and that he was not in possession of the handgun. The detective who found the handgun testified at the suppression hearing.

The trial court issued a written opinion denying the motion to dismiss. The court, having found the detective's testimony to be credible, concluded that the officers' traffic stop was lawful based on their observation of defendant's motor vehicle violation and that the seizure of the handgun was permitted under the plain view doctrine. In addition, the court held that exigent circumstances excused the detectives from seeking a warrant to seize the handgun, given the danger it presented to them and the public.

A jury later convicted defendant on the sole count of the indictment. At sentencing, the court found aggravating factors three, N.J.S.A. 2C:44-1(a)(3)

A-0748-19

(risk that defendant will commit another offense), six, N.J.S.A. 2C:44-1(a)(6) (extent of defendant's prior criminal convictions and the seriousness of those offenses), and nine, N.J.S.A. 2C:44-1(a)(9) (need to deter others).  The court also gave "slight weight" to mitigating factor seven, N.J.S.A. 2C:44-1(b)(7) (lack of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time) and "some weight" to mitigating factor eleven, N.J.S.A. 2C:44-1(b)(11) (imprisonment would entail excessive hardship to defendant or his dependents).  The court found that the aggravating factors slightly outweighed the mitigating factors and sentenced defendant to a five-year term of imprisonment with a forty-two-month period of parole ineligibility.[1]

We affirmed defendant's conviction and sentence on direct appeal.  State v. Haile-Jones, No. A-5581-15 (App. Div. Feb. 23, 2018).  The Supreme Court denied certification.  State v. Haile-Jones, 235 N.J. 176 (2018).

---

[1]  The judgment of conviction incorrectly states that the court found no mitigating factors and that "the aggravating factors outweigh and preponderate over the non-existent mitigating factors." "In the event of a discrepancy between the court's oral pronouncement of sentence and the sentence described in the judgment of conviction, the sentencing transcript controls . . . ." State v. Abril, 444 N.J. Super. 553, 564 (App. Div. 2016).

Defendant filed a petition for PCR alleging that he was denied the effective assistance of counsel because his trial counsel: (1) failed to file a motion to suppress the handgun; (2) did not effectively argue for application of mitigating factors at sentencing; (3) refused to meet with him to review discovery and discuss the case prior to trial; (4) refused to take his telephone calls after the verdict was rendered; and (5) failed to investigate the case properly. Defendant argued that trial counsel failed to hire an investigator to examine his car and visit the scene of his arrest at 11:00 p.m., the time he was arrested, to observe lighting conditions.

Judge Anthony M. Massi issued a written opinion denying defendant's request without an evidentiary hearing. The court concluded that defendant failed to establish a prima facie case of ineffective assistance of counsel because: (1) his trial counsel did file a motion to suppress the handgun; (2) his counsel effectively argued for the adoption of mitigating factors at sentencing, two of which the court found to apply, resulting in a sentence less than that requested by the State; (3) defendant did not provide specific details or evidence that his counsel failed to communicate with him and review discovery before or after trial or how any such alleged absence of communication and consultation affected the outcome of the trial; and (4) defendant did not demonstrate that

5

there was a reasonable probability that the outcome of the case would have been different had his attorney investigated the site of his arrest more thoroughly. In light of these findings, on August 23, 2019, the court entered an order denying defendant's PCR petition without an evidentiary hearing.

This appeal follows. Defendant makes the following arguments.

POINT I

THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVENESS FOR FAILING TO CONDUCT AN ADEQUATE INVESTIGATION.

POINT II

THIS MATTER MUST BE REMANDED FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING THE CLAIMS OF TRIAL COUNSEL'S INADEQUATE CONSULTATION WITH DEFENDANT.

II.

Under Rule 3:22-2(a), a defendant is entitled to post-conviction relief if there was a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey[.]" "A petitioner must establish the right to such relief by a preponderance of the credible evidence." State v. Preciose, 129 N.J. 451,

6

459 (1992). "To sustain that burden, specific facts" which "would provide the court with an adequate basis on which to rest its decision" must be articulated. State v. Mitchell, 126 N.J. 565, 579 (1992).

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee criminal defendants the right to the effective assistance of counsel. State v. O'Neil, 219 N.J. 598, 610 (2014) (citing Strickland v. Washington, 466 U.S. 668, 686 (1984); State v. Fritz, 105 N.J. 42, 58 (1987)). To succeed on a claim of ineffective assistance of counsel, the defendant must meet the two-part test established by Strickland, and adopted by our Supreme Court in Fritz. 466 U.S. at 687; 105 N.J. at 58.

Under Strickland, a defendant first must show that his or her attorney made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. Counsel's performance is deficient if it "[falls] below an objective standard of reasonableness." Id. at 688.

A defendant also must show that counsel's "deficient performance prejudiced the defense[,]" id. at 687, because "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability

7

sufficient to undermine confidence in the outcome" of the trial. Ibid. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 697; State v. Marshall, 148 N.J. 89, 261 (1997). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing Marshall, 148 at 157-58). A hearing is required only when: (1) a defendant establishes a prima facie case in support of PCR; (2) the court determines that there are disputed issues of material fact that cannot be resolved by review of the existing record; and (3) the court determines that an evidentiary hearing is required to resolve the claims asserted. State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)). "A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" Id. at 355 (quoting R. 3:22-10(b)).

"[T]o establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied effective assistance of counsel." Ibid. (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)). A PCR petition must be "accompanied by an affidavit or certification by defendant, or by others, setting forth with particularity[,]" State v. Jones, 219 N.J. 298, 312 (2014), "facts sufficient to demonstrate counsel's alleged substandard performance." Porter, 216 N.J. at 355 (quoting Cummings, 321 N.J. Super. at 170); see also R. 3:22-10(c).

Having carefully reviewed defendant's arguments in light of the record and applicable legal principles, we affirm the August 23, 2019 order for the reasons stated by Judge Massi in his thorough and well-reasoned written opinion. We add only these brief comments. As the trial court found, defendant's allegation, with no evidentiary support, that the outcome of the suppression motion or trial would have been different had his counsel arranged for the inspection of his car and the site of his arrest at 11:00 p.m. does not constitute a prima facie allegation of ineffective assistance of counsel. The detective testified that she observed defendant's motor vehicle violation when his car passed perpendicularly in front of the unmarked police vehicle at a slow speed. In addition, she testified that the area was well-lit and that she used a

9

flashlight to see into defendant's car. Defendant offers no evidence suggesting that the detective's testimony was not credible.

In addition, defendant cites no specific instance in which his counsel failed to communicate with him or explain how any alleged lack of communication before or after trial had an effect on the outcome of his case. The evidence against defendant was straightforward: a handgun was found on the passenger seat of his car within his reach while he was operating the vehicle. Defendant acknowledges that he did not have a permit to possess that weapon. He does not explain how a missed opportunity to speak with his counsel before or after trial would have prevented this simple and damning evidence from being submitted to the jury.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10